**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| ALLSTATE INSURANCE COMPANY,<br>Plaintiff, | : <br> : <br> : <br> : | |
| v. | : <br> : | No. 5:18-cv-00699 |
| ELECTROLUX HOME PRODUCTS,<br>Defendant. | : <br> : <br> : <br> : | |

**O R D E R**

**AND NOW**, this 3rd day of October, 2018, upon consideration of the Court's Order and Opinion issued August 3, 2018, ECF Nos. 16 and 17, the Court's Opinion issued simultaneously with this Order, Plaintiff's Brief in Support of its Motion for Reconsideration or in the Alternative Motion to Join and Consolidate, ECF No. 18, and Defendant Electrolux Home Products, Inc.'s Opposition to Plaintiff's Motion For Reconsideration, ECF No. 19, **IT IS ORDERED** as follows:

1. Plaintiff's motion, ECF No. 19, is **DENIED in part and GRANTED in part**, as follows:

   A. Plaintiff's question 1 in its brief in support of its motion is **DENIED with prejudice**.[1]

   B. Plaintiff's question 2 in its brief in support of its motion is **DENIED without prejudice**.

   C. Plaintiff's question 3 in its brief in support of its motion is **GRANTED**.

2. Any renewed motion for reconsideration as to question 2 **SHALL** meet the following requirements:

---

[1]    *See* Opinion dated October 3, 2018, n.1.

    i.   Such motion shall be filed **on or before 5:00 p.m. Friday, October 12, 2018**;

    ii.  For each of the 64 claims dismissed in the Court's Order and Opinion issued August 3, 2018, ECF Nos. 16 and 17, the motion shall note, in proper legal citation form and with a short parenthetical explanation, whether the particular state substantive law under which the claims arise allows for punitive damages for the claims asserted in the Complaint;

    iii. For each of the 64 claims dismissed in the Court's Order and Opinion issued August 3, 2018, ECF Nos. 16 and 17, the motion shall note, in proper legal citation form and with a short parenthetical explanation, whether the particular state substantive law under which the claims arise allows for a subrogee to recover punitive damages to the same extent as its subrogor;

    iv. To the extent that items *ii* or *iii* above include caps on the punitive damages allowed, such motion shall include a brief explanation as to how the capped punitive damages plus the previously alleged compensatory damages satisfy the amount in controversy required for diversity actions.[2]

    3.    Plaintiff is **DIRECTED** to file an amended complaint for claims "www," "xxx," and "bbbb" **no later than October 19, 2018**.

BY THE COURT:

                             */s/ Joseph F. Leeson, Jr.*
                             JOSEPH F. LEESON, JR.
                             United States District Judge

---

[2]     For example, if state x caps punitive damages at $50,000 it would be sufficient to write "Claim A seeks compensatory damages in the amount of $25,000. Claim A occurred in state x which allows punitive damages up to $50,000. Therefore, the total possible damages satisfy the amount in controversy required for diversity actions."